Eva Garcia-Mendoza, Esquire, Garcia-Mendoza & Snavely Chtd., Las Vegas, NV, for Petitioner

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, Jane Tracey Schaffner, Don George Scroggin, Esquire, Trial At, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

Before: REINHARDT, TROTT, and HURWITZ, Circuit Judges.

## MEMORANDUM **

Leonel Ponce Barraza, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his request for a continuance. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance and review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for review.

The agency did not abuse its discretion in denying Ponce Barraza's request for an additional continuance for lack of good cause, where he had been given time for preparation but did not file an asylum application prior to the IJ's deadline. *See* 8 C.F.R. §§ 1003.29, 1003.31(c); *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013) (applications not submitted by the deadline set by the IJ are deemed waived); *Ahmed*, 569 F.3d at 1012 (listing factors to consider). The record does not support Ponce Barraza's contention that the BIA erroneously required him to show prima facie eligibility for asylum or submit an asylum

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

application on appeal in order to show good cause for a continuance.

Ponce Barraza's related due process claim fails for lack of prejudice. See *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**

**YAN FU, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 16-71602

United States Court of Appeals, Ninth Circuit.

Submitted January 16, 2018 *

Filed January 19, 2018

Chao Gu, Esquire, Arcadia, CA, for Petitioner

Tim Ramnitz, Trial Attorney, John D. Williams, Esquire, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: REINHARDT, TROTT, and HURWITZ, Circuit Judges.

### MEMORANDUM **

Yan Fu, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Fu's testimony and documentary evidence as to when she decided to leave China, why her pastor in the United States was unavailable to provide testimony, and where she lived in the United States, and the IJ's demeanor finding. *See id.*, 590 F.3d at 1048 (adverse credibility determination was reasonable under the "totality of the circumstances"); *see also Huang v. Holder*, 744 F.3d 1149, 1153 (9th Cir. 2014) ("The need for deference is particularly strong in the context of demeanor assessments."). Further, substantial evidence supports the agency's finding that Fu's corroborative evidence does not independently support her claim for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). In the absence of credible testimony, in this case, Fu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

In light of our disposition, we do not reach Fu's contentions regarding the merits of her claims.

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

